# UNITED STATES DISTRICT COURT
## Western District of Texas
## Midland/Odessa Division

| | | |
|---|---|---|
| **Benny Benavidez**, | § § § | |
| Plaintiff | § § | |
| | § | No: 7:20-cv-249 |
| v. | § § | |
| **Oil Patch Group, Inc.** | § § | |
| Defendant | § | |

### Benny Benavidez' Initial Complaint

Benny Benavidez (Plaintiff) brings this action against Oil Patch Group, Inc. ("Defendant").

1. **STATEMENT OF THE CASE**

    1.1. The federal Fair Labor Standards Act, 29 U.S.C. §201, et seq., (the "**FLSA**") contains various rules regarding employee wages and working hours. Defendant violated these laws by failing to compensate employees at "time and one-half" their regular rate of pay for all overtime hours worked. This case seeks to recover damages and backpay to compensate Plaintiff for these wage violations.

    1.2. The Plaintiff, a non-exempt oil field dispatcher, was paid a salary without any allowance for overtime pay. This violates the FLSA.

2. **PARTIES, JURISDICTION, AND VENUE**

    2.1. Plaintiff, a former employee of Defendant, is an individual and resident of the State of Texas. His notice of consent to sue is being filed with the Court.

2.2. Defendant Oil Patch Group, Inc. is a Delaware corporation doing business in Texas. It can be served by serving CT Corporation at 1999 Bryan Street, Suite #900, Dallas, TX 75201-3136.

2.3. This Court has jurisdiction over the parties and subject matter of this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

2.4. Venue is proper under 28 U.S.C. §1391(b).

3. **COVERAGE**

    3.1. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the FLSA.

    3.2. Oil Patch Group is an enterprise engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA.

    3.3. At all relevant times, Oil Patch Group has had gross annual volume of sales in excess of $500,000.

    3.4. At all relevant times, Oil Patch Group has employed, and continues to employ, non-exempt "employees," including Plaintiff. Plaintiff consents to sue in this action pursuant to 29 U.S.C. §216(b).

    3.5. Plaintiff was an employee of Oil Patch Group within the meaning of the FLSA.

    3.6. While employed by Oil Patch Group, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. Plaintiff specifically handled and used materials that traveled in interstate commerce such as oil field equipment.

3.7. Two or more of Oil Patch Group's employees engage in commerce by using equipment that has traveled in interstate commerce. By way of example and not by limitation, Defendant's employees used/use:

3.7.1. oil field equipment that has been manufactured and shipped across state lines;

3.7.2. computers and telecommunications equipment that has been manufactured and shipped across state lines;

3.7.3. office equipment, such as copiers, that has been manufactured and shipped across state lines;

3.7.4. the interstate telephone systems, landline and cellular, to recruit and employ individuals for operational positions;

3.7.5. The United States postal system to send mail across state lines; and

3.7.6. the interstate banking systems to pay Oil Patch Group's employees.

3.8. Plaintiff was employed by Defendant within the applicable statute of limitations.

4. **FACTUAL BACKGROUND**

4.1. Defendant is an oilfield services company specializing in production services and technology and downhole services to the oil field industry.

4.2. Defendant employed Plaintiff as a dispatcher beginning on approximately July 30, 2019. Plaintiff worked in the company's Odessa shop.

4.3. Plaintiff's primary duties were nonexempt duties.

4.4. As a dispatcher Plaintiff's primary duties were to schedule individuals to perform services for the company.

4.5. Plaintiff's primary duties were not related to the management or general business operations of Defendant or its customers.

4.6. Plaintiff did not exercise a meaningful degree of independent discretion with respect to the exercise of his duties.

4.7. Plaintiff did not have the discretion or authority to make any decisions with respect to matters of significance.

4.8. Instead, Plaintiff was required to follow the policies, practices and procedures set by Defendant.

4.9. Plaintiff did not have any independent authority to deviate from these policies, practices, and procedures.

4.10. Defendant paid Plaintiff on a salary basis.

4.11. During Plaintiff's employment with Defendant, he regularly worked in excess of forty hours per week.

4.12. Defendant knew or reasonably should have known that Plaintiff worked in excess of forty hours per week.

4.13. Defendant did not pay Plaintiff overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

4.14. Instead, Defendant paid Plaintiff a fixed sum of money regardless of the number of hours he worked in a workweek.

4.15. Defendant knew or reasonably should have known that Plaintiff was not exempt from the overtime provisions of the FLSA.

4.16. Defendant failed to maintain accurate time and pay records for Plaintiff as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

4.17. Defendant knew or showed a reckless disregard for whether its pay practices violated the FLSA.

4.18. Defendant is liable to Plaintiff for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

5. **FIRST CLAIM FOR RELIEF – Violation of the Fair Labor Standards Act, 29 U.S.C. §201, et seq.**

   5.1. Plaintiff incorporates by reference all of the above paragraphs.

   5.2. As a result of the foregoing conduct, as alleged, Oil Patch Group, Inc. has violated, and continues to violate, the FLSA, 29 U.S.C. §201, et seq. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

   5.3. As a result, Plaintiff has been damaged in an amount to be determined at trial.

6. **REQUEST FOR RELIEF**

   6.1. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his against Oil Patch Group, Inc., as follows:

   6.1.1. Awarding Plaintiff his unpaid wages, attorneys' fees, costs and litigation expenses as provided by law;

   6.1.2. Awarding Plaintiff liquidated damages and/or statutory penalties/interest as provided by law;

   6.1.3. Awarding Plaintiff pre-judgment and post-judgment interest; and

6.1.4. Awarding Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

By:    */s/ Chris R. Miltenberger*
       Chris R. Miltenberger
       Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**
1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

-and-

C. Barry Crutchfield
**Templeman & Crutchfield, P.C.**
113 East Washington Avenue
Lovington, NM 88260-4018
575-396-4927 (office)
575-396-5481 (fax)

**Attorneys for Plaintiff**